UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS ALEXIA BOGEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social<br>Security,<br><br>　　　　Defendant. | Case No. CV 13-3115-OP<br><br>MEMORANDUM OPINION AND<br>ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record,and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

1

# I.
# DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly assessed Plaintiff's excess pain testimony. (JS at 4.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

# III.
# DISCUSSION

## A.     The ALJ's Findings.

The ALJ found that Plaintiff has the severe impairments of multilevel degenerative change of the cervical, thoracic, and lumbar spine with a subtle S-shaped scoliosis of the lumbar spine, and levoconvex scoliosis of the lumbar spine. (Administrative Record ("AR") at 12.)

The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work except that she can perform postural activities occasionally and needs a cane for prolonged ambulation and balance. (Id.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff was able to perform her past relevant work as a bookkeeper (Dictionary of Occupational Titles ("DOT") 210.382-014) as actually performed (light work) and as generally performed (sedentary work). (AR at 16.)

**B.     The ALJ Properly Evaluated Plaintiff's Credibility.**

      **1.     Legal Standard.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

To determine whether a claimant's testimony regarding the severity of

her symptoms is credible, the ALJ may consider, *inter alia*, the following evidence:  (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; and (4) testimony from physicians and third parties concerning the nature, severity, and effect of the claimant's symptoms.  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

**2.    Analysis.**

Plaintiff testified that after working from 1986 to 2008 as an accounting clerk and bookkeeper for a temporary agency, she was laid off in August 2008.  (AR at 25-27.)  She testified that when she worked on the "processing" side of accounting, she processed invoices, lifted, did lots of filing, cut checks, interacted with customers and vendors, and did a lot of computer work.  (Id. at 28.)

After being laid off in August 2008, she collected unemployment benefits for two years.  (Id. at 30.)  At the end of September 2010, she developed a pain in her back while doing the laundry and was unable to walk the next day.  (Id. at 32.)  She testified that she lives in continuous pain has back problems, has stiffness in her shoulder back, lower spine, tail bone, and legs, and her toes "curl . . . all the time."  (Id. at 33-34.)  If she uses her hands a lot she experiences swelling, her legs are weak and she cannot bend, she has bad vision, she "can't think about a lot of stuff," and she can no longer eat in public.  (Id.)  She receives physical therapy and takes medications to control her pain.  (Id. at 35.)  She has never had surgery or shots for her back pain (id.); indeed, the doctors have not recommended surgery (id. at 48).  She states she is able to walk with difficulty for about ten to fifteen minutes so long as she is using a

cane. (Id. at 38-39.) She can stand for about ten minutes with some kind of support and thirty seconds without support. (Id. at 42-43.) After about thirty minutes of sitting, she must stand up and move, or lay down. (Id. at 43-44.) She can lift a gallon of milk with difficulty and tends to drop things. (Id. at 43.) At her duplex, it takes her twenty minutes to get up the stairs to her second-floor unit. (Id. at 45-47.) In her activity questionnaire, she stated she could do cooking and household chores with breaks, could walk, use public transportation, and shop in stores, reads, watches movies, and spends evenings working on her animation film project by reading or preparing a document or two. (Id. at 13 (citation omitted).)

The ALJ found Plaintiffs subjective complaints "not fully plausible":

> The claimant's credibility is at variance with the weight of the evidence. First, the claimant's treatment has been conservative. She testified that she did not have any injections or surgery for her musculoskeletal complaints. Second, she showed improvements with medications. She also stated that she had improvement of her back pain with "vegan milks" and physical therapy exercises. Third, she stated that she was able to tolerate most of her activities of daily living but that by the end of the day, she needed to rest and take Robaxin to help her relax to sleep. This statement shows that the claimant can manage to perform most of her activities of daily living. Her frequency of office visits is not consistent with her allegations of debility. Moreover, she described fairly normal activities of daily living in an adult function report such as walking, using public transportation, shopping in stores and by computer, pursuing artistic pursuits, doing compute research, being out in nature, and working on her animation film project. She testified that she lived alone on the second floor. There is no evidence that she requires in-home

    support services for her conditions. In addition, in October 2011, the
    claimant was observed to ambulate with a steady gait, which is not
    commensurate with her allegations of debility.

(Id. at 15-16 (citations omitted).)

  Plaintiff contends that the ALJ failed to articulate legally sufficient reasons rejecting her testimony of pain and limitation. The Court disagrees.

  First, the ALJ discounted Plaintiff's credibility because she received only conservative treatment. (Id. at 15.) The ALJ accurately summarized the medical evidence of Plaintiff's treatment, which consisted primarily of pain medication and physical therapy, with no injections or surgery suggested. (Id. at 13-15.) The ALJ also noted that Plaintiff's frequency of office visits is not consistent with her allegations of disability. (Id. at 15.) Conservative treatment is a proper reason to reject a claimant's allegations of disabling impairments. Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Soc. Sec. Ruling 96-7p (an individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of his complaints). Thus, the Court finds this reason for discounting Plaintiff's credibility was clear and convincing.

  Next, the ALJ noted that Plaintiff showed improvement with medications, her "vegan milks," and physical therapy exercises. (AR at 15.) The ALJ referred to medical records in which Plaintiff reported an improvement in her pain with the use of medications (id. at 13-14 (citation omitted); and physical therapy (id. at 14 (citation omitted)). An ALJ may properly rely on the fact that medication is helpful to discount a claimant's credibility. Tidwell, 161 F.3d at 602 (ALJ may properly rely upon weak

objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication). Thus, the Court finds that this reason for discounting Plaintiff's credibility was clear and convincing.

The ALJ also found that Plaintiff could perform most of her activities of daily living but needed to rest and take Robaxin to help her sleep. (AR at 15.) The ALJ noted that Plaintiff reported activities, including walking, using public transportation, shopping, pursuing artistic pursuits, doing computer research, being out in nature, and working on her animation film project, were "fairly normal," she lived alone on the second floor, and there was no indication she needed any in-home support services. (Id.) These are clear and convincing reasons for discounting Plaintiff's credibility. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (claimant's ability to fix meals, do laundry, work in the yard, and occasionally care for friend's child was evidence of ability to work); Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (claimant's ability to take care of her personal needs, prepare easy meals, do light housework, and shop for groceries inconsistent with claim she was precluded from all work activity). The ALJ's interpretation was reasonable. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence of [the claimant's] daily activities may also admit of an interpretation more favorable to [her], the ALJ's interpretation was rational, and '[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'").

Finally, the ALJ noted that in October 2011, treating records from Los Angeles County USC Health Center observed that Plaintiff was walking with a steady gait, with her cane. (AR at 14 (citing id. at 270)omitted).) An ALJ may not reject a claimant's subjective complaints based *solely* on a lack of objective

medical evidence to fully corroborate the alleged severity of pain." Bunnell, 947 F.2d at 345 (emphasis added). However, such a factor remains relevant. Burch, 400 F.3d at 680-81 (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Morgan, 169 F.3d at 600 (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record). Because the ALJ did not rely solely on the lack of medical evidence supporting Plaintiff's complaints to reject her credibility, this too was a clear and convincing reason.

Based on the foregoing, the Court finds that the ALJ's credibility finding, wherein he found Plaintiff partially credible, was supported by substantial evidence, and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

## IV.
## **ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: February  11 , 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge